BUNK ROBINSON V. THE STATE.

No. 23450. Delivered November 6, 1946.
Rehearing Denied (Without Written Opinion) December 18, 1946.

The opinion states the case.

*Harold Henry* and *Joseph W. Taylor,* both of Waco, for appellant.

*M. L. Bennett, Jr.,* District Attorney, and *M. L. Bennett,* Private Prosecutor, both of Normangee, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant is a negro, Taylor, the alleged injured party, is a white man.

On the afternoon of December 24, 1945, appellant's two sons got into an argument or difficulty with some white men on a public street in Jewett. Although not a party to the difficulty at its inception, Taylor appears to have entered into it and to have struck one of the sons with his fist and, later, with an automobile crank. Appellant heard of the difficulty and, according to the State's witnesses, appears to have entered into it by advancing on Taylor with an opened knife in his hand, at the time saying to his son, "Kill everyone of the white son-of-a-bitches, cut them to pieces." About that time, Taylor struck appellant with the crank, which slowed him up. A bystander then knocked appellant down with an axe handle. This ended the appellant's attack. Taylor was not injured. A description as to size or kind of knife appellant was alleged to have displayed was not given or attempted. However, Taylor testified that if appellant had not been stopped he would have "cut me all to pieces."

Under the facts stated, appellant was convicted of assault with intent to murder Taylor with malice, and his punishment assessed at two years' confinement in the penitentiary.

Although not pertinent to a determination of sufficiency of the evidence, it should be said that appellant denied any assault; the use or display of the knife, the language attributed to him by the State's witnesses, and an intent to kill. He said that upon learning his sons were in difficulty with some white men, he was endeavoring to get them away.

The defensive issues arising were pertinently submitted to the jury by the trial court and were by the jury rejected.

The sufficiency of the State's testimony to sustain the conviction presents the sole question for our determination.

Assault with intent to murder (Art. 1160, P. C.) is composed of two essential elements: (a) the assault, and (b) the specific intent to kill. The first relates to an act; the other, to a state of mind.

Art. 1138, P. C., "Assault And Battery," provides:

"The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it, an immediate intention, coupled with an ability-to commit a battery, is an assault."

There being no injury to or violence inflicted upon Taylor, that part of the statute relating to assault and battery passes from consideration and relegates the State's case to an assault in an attempt to commit a battery. An essential ingredient of such an assault is the "immediate intention, coupled with an ability to commit a battery."

Art. 1141, P. C. defines the meaning of the term "coupled with an ability to commit," as used in Art. 1138, P. C., as "that the person making the assault must be in such a position that, *if not prevented,* he may inflict a battery upon the person assailed." (Italics, ours.) To make more definite the provisions of the section just quoted, the article further says, viz.:

"It follows, that one who is, at the time of making an attempt to commit a battery under such restraint as to deprive him of the power to act * * * is not guilty of an assault."

It appears from the State's testimony that the blows inflicted upon appellant effectually prevented him from inflicting upon Taylor any injury or battery, and, as a result thereof, he was deprived of the power to act or inflict upon Taylor a battery.

Under the express provisions of the statutes cited, appellant did not commit an assault and battery upon Taylor, or such an assault as is necessary to constitute assault with intent to murder.

Whether appellant may have been guilty of an assault with intent to frighten or scare is not before us, and is not decided.

Believing the facts insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.